UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

VISIÓN EN ANÁLISIS Y ESTRATEGIA,
S.A. DE C.V., a Mexican Corporation, and
CAPITALIZA-T, SOCIEDAD DE
RESPONSABILIDAD LIMITADA DE
CAPITAL VARIABLE, a Mexican
Corporation,

                    Plaintiffs,

              - against -

KARL ANDERSEN, KENNETH A.
LANDGAARD, ARTHUR L. BOWEN,
WILLIAM C. COYLE, RANDY W.
BAGLEY, BROCK BAGLEY, DAVID
MICKELSON INSURANCE SERVICES,
ERWIN LEGAL, PC, CHRISTOPHER R.
ERWIN, PW INSURANCE AGENCY
CORP., LEON LOWENTHAL, and MEYER
GERTNER,

                    Defendants.
-------------------------------------------------------- X

**OPINION AND ORDER**

14-cv-8016 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/15

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.     INTRODUCTION

          Plaintiffs Visión en Análisis y Estrategia, S.A. de C.V. ("Vision") and

Capitaliza-T, Sociedad de Responsabilidad Limitada de Capital Variable

("Capitaliza"), bring this diversity action against numerous defendants alleging

their involvement and acts of "fraud, breaches of fiduciary duties, and other tortious acts" during the "sale, management, and disposition" of plaintiffs' interests in a life insurance policy.[1]  Various defendants have filed motions to dismiss on grounds that include: lack of subject matter jurisdiction, failure to join necessary parties, lack of personal jurisdiction, and insufficient service of process.  For the reasons that follow, defendants Andersen, Gertner, Lowenthal, and PW's motion to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) is granted and defendants' other motions to dismiss are moot.

## II.   BACKGROUND[2]

### A.   Parties

Plaintiff corporations Vision and Capitaliza are incorporated with their principal places of business in Mexico.[3]  Plaintiffs were shareholders in Tranen Capital Alternative Investment Fund, Ltd. ("Tranen"), a private investment fund in the secondary insurance market.[4]  Tranen was managed by Tranen Capital

---

[1]     Plaintiffs' Memorandum of Law in Support of Motion for Leave to Amend Their Complaint at 1.

[2]     The facts are drawn from the Amended Complaint ("Compl.").

[3]     *See* Compl. ¶¶ 37–38.

[4]     *See id.* ¶ 5.

-2-

Ltd. ("Tranen Capital").[5]  The two Tranen corporations were incorporated in the British Virgin Islands.[6]

The Tranen entities were founded in 2008 by defendants Kenneth A. Landgaard ("Landgaard") and Arthur L. Bowen ("Bowen").[7]  Landgaard is a resident of Minnesota and Bowen is a resident of Massachusetts.[8]  Karl Andersen ("Andersen") is a New York resident who was the Chief Investment Analyst at Tranen Capital during the relevant period.[9]  Andersen is also the sole shareholder and manager of Stavanger Holdings, Ltd. ("Stavanger"), a corporation incorporated under the laws of Brunei.[10]  Additionally, Andersen is the co-founder and Chief Analyst of Hedmark Capital, Ltd. ("Hedmark"), a Bermuda-registered company with offices in Latin American, Singapore, and the United Kingdom.[11]  Hedmark is "domiciled and operates" in New York.[12]

---

[5]     *See id.*

[6]     *See id.* ¶ 170.

[7]     *See id.*

[8]     *See id.* ¶¶ 63, 70–71.

[9]     *See id.* ¶¶ 39–40.

[10]    *See id.* ¶¶ 42, 44.

[11]    *See id.* ¶¶ 54–55.

[12]    *Id.* ¶ 56.

Defendants Randy W. Bagley ("R. Bagley") and Brock Bagley ("B. Bagley"), as the founders and managers of The Leo Group, LLC ("Leo"), facilitated the transfers of assets from original owners to Tranen.[13] William C. Coyle ("Coyle") acted as an escrow agent in the "transfer of each and every policy/asset that Tranen purchased."[14] Coyle, R. Bagley, and B. Bagley reside in Indiana.[15] David Mickelson Insurance Services ("Mickelson") is a California investment advisor, life settlement broker, life settlement agent/provider.[16] Mickelson helped to find the policies that Leo would then acquire to transfer to Tranen.[17]

Erwin Legal PC ("Erwin Legal") is "located and maintains its principal place of business" in California.[18] Christopher R. Erwin ("Erwin") resides in California.[19] PW Insurance Agency Corp. ("PW") is a New York life

---

[13]   *See id.* ¶ 171b.

[14]   *Id.* ¶ 171d.

[15]   *See id.* ¶¶ 84, 97–98.

[16]   *See id.* ¶ 109.

[17]   *See id.* ¶ 171c.

[18]   Defendants Andersen, Hedmark, and Stavanger's Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction at 6.

[19]   *See id.*

-4-

insurance agency with its principal place of business in New York.[20] Leon
Lowenthal ("Lowenthal") is a resident of New York and the Chief Executive
Officer of PW.[21] Meyer Gertner ("Gertner") is also a New York resident.[22]

### B. Overview of Plaintiffs' Allegations

Plaintiffs' claims revolve around the purchase of a life insurance
policy in the secondary market. Plaintiffs allege that defendants, in varying
capacities, engaged in a coverup as to the "true nature of the . . . value, rights,
and/or interests that [plaintiffs] held in the [p]olicy."[23] Furthermore, plaintiffs
allege that defendants' actions caused the policy to lapse and their interest to
become worthless.[24]

In 2008, the Aron Feuereisen Trust ("Trust") transferred the beneficial
interest in a life insurance policy to Leo.[25] Gertner was the original trustee of the
Trust.[26] Lowenthal acted as an agent for Feuereisen to find him a buyer and

---

20   *See* Compl. ¶ 146.

21   *See id.* ¶ 147.

22   *See id.* ¶ 152.

23   *Id.* ¶ 4.

24   *See id.* ¶ 30.

25   *See id.* ¶¶ 8, 189.

26   *See id.* ¶ 152.

-5-

Mickelsen acted as an agent for Tranen and Leo.[27] In 2011, Andersen contacted plaintiffs, offering them the full rights in the policy.[28] Leo acted as plaintiffs' agent in the acquisition of the policy.[29] Plaintiffs then transferred funds to Coyle, who transferred funds to Leo and Tranen.[30] In 2012, plaintiffs sought to sell their interest in the policy and retained Andersen to do so.[31] In his efforts to resell the policy, Andersen entered into a sub-broker agreement with Erwin Legal in May 2012.[32] Erwin advised Andersen that a premium payment was due on the policy.[33] Erwin recommended that plaintiffs solicit the sale of the policy and that they make the required premium payment.[34] Mickelson began searching for potential buyers of the policy at Erwin's request.[35] In October 2012, plaintiffs were told for the first time that they did not have full ownership of the policy, and in November they

---

[27]     *See id.* ¶¶ 148a, 191a.

[28]     *See id.* ¶ 196.

[29]     *See id.* ¶ 198.

[30]     *See id.* ¶ 200.

[31]     *See id.* ¶¶ 237–238.

[32]     *See id.* ¶ 239.

[33]     *See id.* ¶ 250.

[34]     *See id.* ¶ 254.

[35]     *See id.* ¶ 266.

were told that the policy had lapsed.[36]  Plaintiffs then attempted to reinstate the

policy, but were unsuccessful.[37]

## III.  LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

Federal courts have limited jurisdiction and may not entertain matters

over which they do not have subject matter jurisdiction.[38]  Section 1332 of Title 28

of the United States Code confers subject matter jurisdiction to the federal district

courts, giving them original jurisdiction over cases, in relevant part, "where the

matter in controversy exceeds $75,000, exclusive of interest and costs in between .

. . (2) citizens of a State and citizens or subjects of a foreign state[.]"[39]  "The

general rule requiring complete diversity between opposing parties is explicit and

unequivocal."[40]  "[T]he presence of aliens on two sides of a case destroys diversity

jurisdiction."[41]

---

[36]     *See id.* ¶¶ 268–269, 295.

[37]     *See id.* ¶ 317g.

[38]     *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

[39]     28 U.S.C. § 1332(b)(2).

[40]     *International Shipping Co., S.A., v. Hydra Offshore, Inc.*, 875 F.2d
388, 391 (2d Cir. 1989).

[41]     *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d
786, 790 (2d Cir. 1980) (citation omitted). *Accord Mentor Ins. Co. (U.K.) Ltd. v.*

-7-

## B. Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that a court lacks subject-matter jurisdiction to hear a claim.[42] "The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence."[43] Courts also have an "independent obligation to establish the existence of subject-matter jurisdiction."[44] In considering a motion to dismiss for lack of subject-matter jurisdiction, the court must assume the truth of material facts alleged in the complaint.[45]

## C. Rule 12(b)(7) Motion to Dismiss

"Rule 19 'sets forth a two-step test for determining whether the court

--------

*Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993) ("[T]he alignment of alien corporations as both plaintiffs and defendants defeats the allegation of diversity jurisdiction[.]").

[42]    *See* Fed. R. Civ. P. 12.

[43]    *Al–Khazraji v. United States*, 519 Fed. App'x 711, 713 (2d Cir. 2013) (citing *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (quotation marks omitted)).

[44]    *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 385 (S.D.N.Y. 2014).

[45]    *See Hijazi v. Permanent Mission of Saudi Arabia to United Nations*, 403 Fed. App'x 631, 632 (2d Cir. 2010).

must dismiss an action for failure to join an indispensable party.'"[46] The court

begins by determining whether a party is "required to be joined if feasible" under

Rule 19(a).[47] Rule 19(a) provides that a party must be joined if the court "cannot

accord complete relief among existing parties," or if proceeding would impede the

absent party's interest or expose the present parties to "double, multiple, or

otherwise inconsistent obligations."[48]

        If a party is necessary under Rule 19(a), the court must determine

whether joinder of that party is feasible in the face of jurisdictional or other

concerns.[49] If joinder is infeasible, but the court determines that a party is

indispensable under Rule 19(b), then the court must dismiss the action.[50] Rule

19(b) states that a court should, in determining whether a party is indispensable,

consider:

> (1) the extent to which a judgment rendered in the person's
> absence might prejudice that person or the existing parties; (2) the
> extent to which any prejudice could be lessened or avoided by:

---

[46]    *Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C.*, No. 09 Civ. 2319, 09 Civ. 3771, 2009 WL 2191118, at \*3 (S.D.N.Y. July 20, 2009) (quoting *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000)).

[47]    Fed. R. Civ. P. 19(a).

[48]    *Id.*

[49]    *See Berkeley Acquisitions*, 2009 WL 2191118, at \*4.

[50]    *See id.*

(A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[51]

## IV. DISCUSSION

### A. The Original and Amended Complaints

#### 1. This Court Did Not Have Subject Matter Jurisdiction Over the Original Complaint

Plaintiff's original Complaint alleges that this Court has subject matter jurisdiction over this case pursuant to Section 1332 of Title 28 of the United States Code.[52] In response to the Complaint, Andersen, Stavanger, and Hedmark filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because there were alien parties on each side of the case. A corporation is a citizen of "every state and foreign state by which it has been incorporated" and where it has "its principal place of business."[53] The plaintiff corporations are both citizens of Mexico.[54] The Complaint named Stavanger and Hedmark as

---

[51] Fed. R. Civ. P. 19(b).

[52] *See* Compl. ¶ 35.

[53] 28 U.S.C. § 1332(c)(1).

[54] *See* Compl. ¶¶ 37–38.

-10-

defendants. Stavanger is a citizen of Brunei.[55] Hedmark is registered in Bermuda, but is "domiciled and operates" in New York,[56] making Hedmark a citizen of both Bermuda and New York. Because plaintiffs and two defendants are aliens, the original Complaint did not meet the complete diversity requirement for subject matter jurisdiction.

## 2. Plaintiffs Have Amended Their Complaint as a Matter of Course

In any event, shortly after the defendants moved to dismiss for lack of subject matter jurisdiction, plaintiffs amended the Complaint as a matter of course, dismissing Stavanger and Hedmark as parties. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is moot. Federal Rule of Civil Procedure 15(a) states that a plaintiff may amend its "pleading once as a matter of course" and that otherwise leave to amend should be "freely given when justice so requires."[57] Defendants filed their motion to dismiss for lack of subject matter jurisdiction prior to service. Plaintiffs filed the Amended Complaint within 21 days of the 12(b)(1) motion to dismiss. This makes their amendment timely under Rule 15(a), which states that "a party may amend its pleading once as a matter of

---

[55]     *See id.* ¶¶ 41, 44.

[56]     *Id.* ¶¶ 53, 54.

[57]     Fed. R. Civ. P. 15(a).

-11-

course within . . . 21 days after service of a motion under Rule 12(b)[.]"[58]

Accordingly, plaintiffs have amended their Complaint as a matter of course and

Stavanger and Hedmark have been dismissed.

### C. Stavanger and Hedmark Are Not Indispensable Parties

Plaintiffs' Amended Complaint raises a new issue, however.

Defendant Andersen and former defendants Stavanger and Hedmark argue that

Stavanger and Hedmark are indispensable parties under Rule 19.[59] For the reasons

set forth below, Stavanger and Hedmark are not indispensable parties and may be

dismissed in order to preserve diversity and subject matter jurisdiction.

In the Amended Complaint, plaintiffs allege that Stavanger and

Hedmark were merely the "alter ego[s]" of Andersen.[60] Plaintiffs assert, however,

that their claims against Andersen are not based on an alter ego theory, but rather

on Andersen's "personal involvement . . . in tortious conduct" against plaintiffs.[61]

Plaintiffs argue that it is not necessary to pierce the corporate veil in order to assess

---

[58]     Fed. R. Civ. P. 15(a)(1)(B).

[59]     *See* Defendant Andersen's Memorandum of Law in Support of
Motion to Dismiss for Failure to Join Necessary Parties at 6.

[60]     Compl. ¶¶ 49, 60.

[61]     Plaintiffs' Memorandum of Law in Opposition to Defendant
Andersen's Motion to Dismiss for Failure to Join Necessary Parties ("Pl. Mem.")
at 2.

Andersen's direct liability.[62] It is true that

> [w]here a plaintiff asserts tort claims such as for fraud or
> fraudulent misrepresentation, there is *no need to pierce the
> corporate veil* in order to hold corporate officers or employees
> individually liable for their own acts of fraud . . . Instead, [a]
> corporate officer is individually liable for fraudulent acts or false
> representations of his own, or in which he participates, even
> though his actions in such respect may be in furtherance of the
> corporate business.[63]

Thus, in determining whether Stavanger and Hedmark are indispensable parties, it

is first necessary to assess whether plaintiffs' claims rely on an alter ego theory or

solely on Andersen's allegedly tortious actions.

The Amended Complaint mentions Stavanger and Hedmark

throughout. Plaintiffs allege that "Hedmark is merely the alter ego of Andersen

because Hedmark is heavily influenced by Andersen[,]" and "Andersen controlled

and directed Hedmark as he saw/sees fit[.]"[64] Similarly, plaintiffs claim that

"Stavanger is merely the alter ego of Andersen because in actuality Stavanger is

heavily influenced by Andersen."[65] In any event, looking at the substance of

---

[62]  *See id.* at 7.

[63]  *White v. National Home Prot., Inc.*, No. 09 Civ. 4070, 2010 WL
1706195, at *5 (S.D.N.Y. Apr. 21, 2010) (quotation marks and citations omitted)
(emphasis added).

[64]  Compl. ¶¶ 60–61.

[65]  *Id.* ¶ 49.

-13-

plaintiffs' claims, they are based on Andersen's actions whether "operating either individually or through" Stavanger or Hedmark.[66] Any mention of Stavanger or Hedmark is directly tied to Andersen's involvement in the sale of the policy and alleged fraudulent activity or misrepresentations. Thus, it is not necessary to pierce the corporate veil in order to assess Andersen's allegedly tortious conduct and direct liability.

Even assuming that Stavanger and Hedmark are necessary parties under Federal Rule of Civil Procedure 19(a), their presence in the case destroys complete diversity and this Court's subject matter jurisdiction. Federal Rule of Civil Procedure 21 "allows a court to drop a nondiverse party at any time to preserve diversity, provided that the nondiverse party is not indispensable."[67] Thus, it is necessary to assess whether Stavanger and Hedmark are indispensable parties under Rule 19(b).

The Second Circuit has repeatedly held that a "district court should take a flexible approach under Rule 19(b) when deciding whether parties are

---

[66]    *Id.* ¶¶ 26, 29, 68, 77, 94, 102, 112, 131–132, 135, 173, 178, 238, 243, 245, 271–272, 302, 351, 362, 364–365, 367–369, 374, 375–380, 390, 403, 407, 422, 424, 425, 430, 434–436, 444, 446, 448–453, 455–459, 463, 482, 484–490, 511–512, 514–519, 524, 585, 587, 658, 659, 670, 671, 686, 704, 716, 744.

[67]    *CP Solutions PTE, Ltd. v. General Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (internal quotation marks omitted).

-14-

indispensable" to an action.[68] Additionally, the Second Circuit has held that "very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible."[69] In applying the Rule 19(b) factors, defendants argue that Stavanger and Hedmark will be prejudiced if the action continues in their absence because if plaintiffs are successful "in proving their case . . . the Absent Corporate Entities for whom [the individual defendants] worked will likewise be tarred and feathered as fraudsters-by-association."[70] But in this case, an assessment of Andersen's direct liability is possible without necessarily implicating Stavanger and Hedmark. Although Stavanger and Hedmark certainly retain interests in their reputations, any potential prejudice against them is speculative and would not make resolution of the case impossible. This is not the type of "immediate and serious" prejudice that Rule 19(b) was intended to cover.[71] Furthermore, a

---

[68]     *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) (citation and quotation marks omitted).

[69]     *Id.* (internal quotation marks omitted).

[70]     Defendant Andersen's Reply Memorandum in Support of His Motion to Dismiss for Failure to Join Necessary Parties at 5.

[71]     Fed. R. Civ. P. 19(b) Advisory Committee Note to 1966 amendment (noting that courts should consider whether the prejudice would be "immediate and serious, or remote and minor"). *See also CP Solutions*, 553 F.3d at 159.

-15-

judgment rendered in Stavanger and Hedmark's absence would be adequate.

Although the plaintiffs would have an alternative remedy in state court if the action

was dismissed, a review of the factors and circumstances of the case in "equity and

good conscience" directs this Court's conclusion that Stavanger and Hedmark are

not indispensable.[72]

## D.    Tranen and Leo Are Indispensable Parties

Despite the Court's conclusion that Stavanger and Hedmark are not

indispensable, the case must nonetheless be dismissed because Tranen and Leo are

indispensable parties. For the reasons set forth below, defendants Andersen,

Gertner, Lowenthal, and PW's motion to dismiss pursuant to Rule 12(b)(7) is

granted.

Plaintiffs once again argue that their claims are not based on an alter

ego theory, but instead on the individual tortious conduct of the officers and

directors of Tranen and Leo.[73] Even if these arguments are accepted, Tranen and

Leo are otherwise necessary parties as they are directly implicated throughout the

Amended Complaint. Defendants argue that plaintiffs' claims in the Amended

Complaint center around Tranen and Leo as "the real players in the fraudulent

---

[72]    Fed. R. Civ. P. 19(b).

[73]    Pl. Mem. at 2.

-16-

scheme."[74] Indeed, it is beyond cavil that Tranen's and Leo's conduct is highlighted in the Amended Complaint and would play a role in the disposition of this case. For example, the Amended Complaint states, "Tranen depended on a fraudulent scheme to generate its cash flows," and further that "Tranen failed to comply with the terms of the August 2011 Contract and the July 2011 Assignment."[75] The Amended Complaint also asserts Leo's direct participation in the scheme, making claims such as, "[t]he conduct of Leo, B. Bagley, R. Bagley, and Coyle was conscious, willful and/or wanton, reckless and grossly negligent."[76]

Under Rule 19(a), a party is deemed necessary if the court "cannot accord complete relief among existing parties," or if proceeding would impede the absent party's interest or expose the present parties to "double, multiple, or otherwise inconsistent obligations."[77] Here, proceeding without Tranen and Leo would impede their interests as their conduct is largely the focus of the litigation. Plaintiffs argue that defendants Bowen, Landgaard, B. Bagley, and R. Bagley can

---

[74] Defendants Gertner, Lowenthal, and PW's Memorandum of Law in Support of Motion to Dismiss for Failure to Join Necessary Parties and Insufficient Service of Process at 7.

[75] Compl. ¶¶ 175, 215.

[76] *Id.* ¶ 396.

[77] Fed. R. Civ. P. 19(a).

-17-

defend Tranen's and Leo's interests, if necessary.[78]  This argument is countered by

the fact that Bowen and Landgaard are no longer the directors and managers of the

Tranen entities. They were replaced in 2014 by court order.[79]  Accordingly,

Bowen and Landgaard may not be able to adequately represent Tranen's current

interests. As for Leo, defendants argue that Leo's interests will not be adequately

represented by B. Bagley and R. Bagley. Defendants argue that because each

defendant is only liable for his own tortious actions he "has an incentive to shift the

liability to his co-defendants, not an incentive to show that the absent corporate

entity is innocent of wrongdoing."[80]  This is the only argument that defendants

offer to show that the interests of B. Bagley, R. Bagley, and Leo are adverse. In

any event, the Court cannot ignore the fact that Leo is a separate legal entity whose

"rights and obligations are at the heart of this case."[81]  Because both Tranen's and

Leo's interests would be impeded, they are necessary parties.

---

[78]    *See* Compl. Count XVIII.

[79]    *See id.* ¶ 65.

[80]    Defendants Gertner, Lowenthal, and PW's Reply Memorandum of
Law in Further Support of Motion to Dismiss for Failure to Join Necessary Parties
and Insufficient Service of Process at 4.

[81]    *Rubler v. Unum Provident Corp.*, No. 04 Civ. 7102, 2007 WL
188024, at *3 (S.D.N.Y. Jan. 25, 2007) (noting that the absent subsidiary defendant
"is still a separate legal entity with separate rights and obligations" and it is those
"rights and obligations that are at the heart of this case").

Tranen is necessary to this case for the additional reason that it is a named party to a contract in dispute. Plaintiffs do not deny that Count XVIII of the Amended Complaint is "dependent on the existence of the contract and its breach thereof."[82] Instead, plaintiffs argue that it is not a "bright-line rule" that a party to a contract be included in the action.[83] Even though there is no bright-line rule, the Second Circuit has held that "if the resolution of the plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the nonparty is necessary under Rule 19(a)."[84] The fact that Tranen is a party to a contract in dispute certainly weighs in favor of including it as a necessary party to this action. Combined with the integral role that Tranen and Leo play in the Amended Complaint, they are necessary parties under Rule 19(a).

However, joinder is not feasible under Rule 19(a). The two Tranen entities were incorporated in the British Virgin Islands and are aliens for purposes of diversity jurisdiction.[85] Because plaintiffs' Amended Complaint raises only state law claims, joinder of the Tranen parties would leave this Court without

---

[82]    Plaintiffs' Memorandum of Law in Opposition to Defendant Andersen's Motion to Dismiss for Failure to Join Necessary Parties at 9.

[83]    *CP Solutions*, 553 F.3d at 159.

[84]    *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002).

[85]    *See* Compl. ¶ 168.

-19-

subject matter jurisdiction over the case. As for Leo, the parties have not provided sufficient information to determine citizenship. A limited liability company takes the citizenship of its members.[86] However, the Amended Complaint only provides information about the citizenship of R. Bagley and B. Bagley, the founders and managers of Leo. R. Bagley and B. Bagley are both citizens of Indiana.[87] Because the Amended Complaint does not provide complete information about the other members of Leo, citizenship cannot be determined. In any event, since joinder of at least the Tranen corporations would be infeasible, the Court must determine whether the parties are indispensable under Rule 19(b).

A weighing of the Rule 19(b) factors dictates that Tranen and Leo are indispensable parties. A judgment in this case will prejudice Tranen and Leo, and the prejudice cannot be avoided. Given their prominence throughout the Amended Complaint, it is likely that this Court will make findings with respect to Tranen and Leo without their participation. Although a judgment rendered in Tranen's and Leo's absence would be adequate,. this factor does not outweigh the prejudice that the parties will face and the fact that their interests will not be adequately represented.

---

[86]     *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012).

[87]     *See* Compl. ¶¶ 97–98.

Finally, plaintiffs have an alternative remedy if the action is dismissed for nonjoinder. Plaintiffs can file suit against the defendants in state court. In fact, plaintiffs have already commenced litigation in California against certain defendants.[88] Plaintiffs argue that although there is a state court forum available, "dismissal of the action would result in piecemeal litigation, across several jurisdictions, which would have duplicative efforts within each of the proceedings."[89] In making their argument, plaintiffs rely on the Second Circuit's decision in *CP Solutions PTE, Ltd. v. General Elec. Co.*, but in that case, the interest of judicial economy was impacted by the fact that the case had been litigated for over two years and the parties had conducted discovery.[90] Thus, dismissal at that late stage would have been a waste of judicial resources. The instant action is not as far advanced. Plaintiffs will not be prejudiced by dismissal as discovery has yet to commence and a judgment on the merits is not imminent.

Accordingly, Tranen and Leo are indispensable parties. Because their joinder is not feasible, this case must be dismissed.

---

[88]   Plaintiffs' Memorandum of Law in Opposition to Defendants Gertner, Lowenthal, and PW's Motion to Dismiss for Failure to Join Necessary Parties and Insufficient Service of Process at 10.

[89]   *Id.*

[90]   *See CP Solutions*, 553 F.3d at 160.

-21-

## V.   CONCLUSION

For the foregoing reasons, defendants Andersen, Gertner, Lowenthal, and PW's motion to dismiss for failure to join an indispensable party pursuant to Rule 12(b)(7) is GRANTED and defendants' other motions to dismiss are moot. The Clerk of the Court is directed to close these motions(Docket Nos. 4, 6, 22, 62, and 81) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 24, 2015

-22-

- Appearances -

**For Plaintiffs:**

Cory White, Esq.
Maria C. Georgina Fabian, Esq.
The International Business Law Group LLC
875 N. Michigan Ave. Suite 3100
Chicago, IL 60611
(773) 725-8856

John J. Muldoon, III, Esq.
Muldoon & Muldoon, LLC
30 N. Lasalle Street, Suite 2950
Chicago, IL 60602
(312) 739-3550

**For Defendants Karl Andersen, Kenneth A. Landgaard, PW Insurance Agency Corp., Leon Lowenthal, and Meyer Gertner:**

Ira S. Lipsius, Esq.
Lipsius-Benhaim Law, LLP
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
(212) 981-8440

**For Defendants David Mickelson Insurance Services, Erwin Legal, P.C., Christopher Erwin:**

Anthony Galano, III, Esq.
Jordan Danforth Wolff, Esq.
Ellenoff Grossman & Schole, LLP
150 East 42nd Street, 11th Fl.
New York, NY 10017
(212) 370-1300

**Defendants (Pro Se):**

Brock Bagley
13114 Franklin Hall Trail
Carmel, IN 46033
(317) 809-8984

Randy Bagley
3109 W 300 S
Tipton, IN 46072
(317) 809-7450

Arthur L. Bowen
112 Water Street, Suite 201
Boston, MA 02109

William C. Coyle
7818 Winding Creek Drive
Indianapolis, IN 46236
(317) 965-1627