```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

VISIÓN EN ANÁLISIS Y ESTRATEGIA,
S.A. DE C.V., a Mexican Corporation, and
CAPITALIZA-T, SOCIEDAD DE
RESPONSABILIDAD LIMITADA DE
CAPITAL VARIABLE, a Mexican
Corporation,

          Plaintiffs,

- against -

KARL ANDERSEN, KENNETH A.
LANDGAARD, ARTHUR L. BOWEN,
WILLIAM C. COYLE, RANDY W.
BAGLEY, BROCK BAGLEY, DAVID
MICKELSON INSURANCE SERVICES,
ERWIN LEGAL, PC, CHRISTOPHER R.
ERWIN, PW INSURANCE AGENCY
CORP., LEON LOWENTHAL, and MEYER
GERTNER,

          Defendants.
------------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

14-cv-8016 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

        This Court issued an Opinion and Order on July 24, 2015 (the "July 24 Order") granting defendants' motion to dismiss the Amended Complaint for failure to join Tranen Capital Alternative Investment Fund, Ltd. ("Tranen") and

-1-

The Leo Group, LLC ("Leo") as necessary parties.[1] On August 7, 2015, plaintiffs filed a motion for reconsideration of the July 24 Order under Local Rule 6.3, claiming that the Court overlooked controlling decisions and factual matters that should preclude a finding that Tranen and Leo were necessary and indispensable parties.[2] For the reasons set forth below, plaintiffs' motion is denied.

## II. MOTION FOR RECONSIDERATION STANDARD

The standard for granting a motion for reconsideration is strict. "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"[3] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[4] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

---

[1] *See Vision en Analisis y Estrategia, S.A. de C.V. v. Andersen,* No. 14 Civ 8016, 2015 WL 4510772 (S.D.N.Y. July 24, 2015).

[2] *See* Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Pl. Mem.").

[3] *Analytical Surveys, Inc. v. Tonga Partners, L.P*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[4] *Oji v. Yonkers Police Dep't,* No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito,* 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

injustice."[5]

## III. DISCUSSION

Plaintiffs have failed to meet this strict standard, raising no new or overlooked facts, intervening changes in law, or clear errors creating the possibility of manifest injustice. Instead, plaintiffs' motion for reconsideration simply reargues points that I considered and rejected in my July 24 Order.

Plaintiffs argue that the Court improperly failed to consider each claim of the Amended Complaint independently. This is incorrect. As I made clear in my July 24 Order, Tranen and Leo are directly implicated throughout plaintiffs' Amended Complaint. Each claim in the Amended Complaint, including those claims that do not involve the participation of Tranen and Leo's officers and directors, relates to the same sequence of transactions in which Tranen and Leo were both intimately involved. Proceeding with any of the claims in this case would require this Court to make significant and potentially adverse findings with respect to these transactions. A judgment in this case would therefore unavoidably prejudice Tranen and Leo as absent parties. Tranen and Leo's actions are simply too interwoven throughout the Amended Complaint to dismiss only those counts

---

[5] *Virgin Atl. Airways, Ltd. v. National Mediation Bd*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted). *See also Shrader*, 70 F.3d at 257 (describing grounds for reconsideration as "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

directly implicating the behavior of their officers and directors; the two parties are indispensable as to all claims.

Plaintiffs also assert the Court "misconstrued the overall procedural stage of these proceedings" in determining plaintiffs would not be prejudiced by dismissal as discovery had not yet started and a judgment on the merits was not imminent.[6] Plaintiffs point to various filings, motions, and communications between the two parties that they argue demonstrate significant progress over ten months of litigation, in turn demonstrating that this case can and should proceed without Tranen and Leo.[7] None of these events, however, change the fact that the action has yet to proceed beyond the pleadings phase, and each of these events was considered by this Court when determining that a dismissal would not unfairly prejudice the plaintiffs.

Plaintiffs further argue that "to the extent this Court concludes that Tranen's good name or good will creates an interest in this litigation," the fact that Tranen is in liquidation proceedings vitiates any interest it has in said good name or good will.[8] I need not consider the merits of this argument, however, as I never

---

[6] Pl. Mem. at 11.

[7] See id. at 6.

[8] Id. at 8.

considered the potential impact of this litigation on Tranen's good name or good will.

Finally, plaintiffs' argument that the Court committed clear error in failing to determine that Leo could feasibly be joined is without merit. As I explained in my July 24 Order, Tranen's undisputed alien citizenship alone is sufficient to defeat diversity in this action, requiring the Court to determine whether Tranen is a necessary and indispensable party.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is DENIED. The Clerk of the Court is directed to close this motion [Docket No. 100].

SO ORDERED :

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 7, 2015

## - Appearances -

**For Plaintiffs:**

Cory White, Esq.
Maria C. Georgina Fabian, Esq.
The International Business Law Group LLC
875 N. Michigan Ave. Suite 3100
Chicago, IL 60611
(773) 725-8856

John J. Muldoon, III, Esq.
Muldoon & Muldoon, LLC
30 N. Lasalle Street, Suite 2950
Chicago, IL 60602
(312) 739-3550

**For Defendants Karl Andersen, Kenneth A. Landgaard, PW Insurance Agency Corp., Leon Lowenthal, and Meyer Gertner:**

Ira S. Lipsius, Esq.
Lipsius-Benhaim Law, LLP
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
(212) 981-8440

**For Defendants David Mickelson Insurance Services, Erwin Legal, P.C., Christopher Erwin:**

Anthony Galano, III, Esq.
Jordan Danforth Wolff, Esq.
Ellenoff Grossman & Schole, LLP
150 East 42nd Street, 11th Fl.
New York, NY 10017
(212) 370-1300

**Defendants (Pro Se):**

Brock Bagley
13114 Franklin Hall Trail
Carmel, IN 46033
(317) 809-8984

Randy Bagley
3109 W 300 S
Tipton, IN 46072
(317) 809-7450

Arthur L. Bowen
112 Water Street, Suite 201
Boston, MA 02109

William C. Coyle
7818 Winding Creek Drive
Indianapolis, IN 46236
(317) 965-1627